John L. Woolf et al., Respondent, *v.* Antonio
Bernero, Appellant.

### December 18, 1883.

1. Bailments — Deposit for Illegal Purposes. — The illegality of raffling
dees not relieve the depositary of property taken for the purpose of raf-
fling it from obligation to care for the same.

2. —— The depositary of property left with him to raffle is liable to the owner
for the value thereof when it is lost by his gross carelessness.

3. —— That the property was left to be raffled is no part of the cause of action
against the depositary for its loss, and it is immaterial that the owner's
illegal object in leaving the property incidentally appears at the trial.

Appeal from the St. Louis Circuit Court, Thayer, J.
*Affirmed.*

Jamison, Collins & Jamison, for the appellant: The
purpose of this bailment, being to play a game of chance
for the ownership of property, is, within the meaning of
section 1560 of the Revised Statutes of 1879, was a misde-
meanor, and the court below erred in lending its aid to en-
force an illegal act. — *Hayden* v. *Little*, 35 Mo. 418;
*Waterman* v. *Buckland*, 1 Mo. App. 45. The contract
between plaintiffs and defendant being one of bailment, and
the defendant being a bailee without recompense or reward,
was liable only for gross negligence, and the court erred in
finding for the plaintiffs because there is no evidence in this
case tending to show gross negligence. — Shouler on Bail-
ments, 42, 58, and cases cited; *Wison* v. *Chesley*, 53 Mo.
550; *Spooner* v. *Mattoon*, 40 Vt. 300.

Fred. Wislizenus, for the respondent: 1. Illegality of
bailment does not prevent a recovery by the bailor from the
bailee for negligent loss by the latter. — *Frost* v. *Plumb*, 40
Conn. 111; *Stewart* v. *Davis*, 31 Ark. 523; *Michael* v.
*Bacon*, 49 Mo. 474; *Charles* v. *McClure*, 57 Mo. 166.

2. The finding of fact that defendant was guilty of gross negligence is warranted by the law and evidence of this particular case. — *Wiser* v. *Chesley*, 53 Mo. 550; *Huxley* v. *Hartzell*, 44 Mo. 370; Schouler on Bailments, 58; Jones on Bailments, 38; *Tracy* v. *Wood*, 3 Mason, 132; Story on Bailments, sect. 74, p. 71; *Jenkins* v. *Molton*, 1 Sneed (Tenn.), 248.

BAKEWELL, J., delivered the opinion of the court.

This was an action begun before a justice of the peace, to recover the value of a diamond ring belonging to plaintiffs, and lost out of the possession of defendant.

On trial anew in the circuit court a jury was waived, and there was a finding and judgment for plaintiffs.

It appears that plaintiffs kept a retail shop up stairs and defendant a dramshop on the ground floor of the same building in St. Louis. Plaintiffs had taken in trade, at the valuation of $180, the diamond ring in question, of which the real value was only $125. Plaintiffs requested defendant to raffle off the ring in his saloon. Defendant at first declined to do so, but afterward consented, and received the ring for that purpose. It does not appear that defendant was to receive any compensation in the matter except such as might come indirectly from the custom attracted to the bar by the raffle. Defendant advertised the raffle by printing a large card set up in the saloon. There were two hundred chances, at a dollar a chance. The ring was delivered to defendant in June, 1881. In September only fifty-three chances had been sold, of which the greater number were taken by persons sent into the bar-room by plaintiffs. The ring was kept in the cash drawer back of the counter. When persons called for the ring it was passed to them for examination. The bar-keeper attended to the counter from early in the morning until eleven, and from one in the afternoon until seven, and the defendant attended the bar

from eleven to one, and from seven until eleven, when the saloon was closed. Defendant habitually took the ring home at night and returned it in the morning. On the day in September on which the ring was lost, two persons, whom defendant knew, called between eleven and one in the day time, and called for the ring. While they were examining the ring three strangers came in and called for drinks. Defendant served them, and others who came in, and thought no more of the ring until eleven at night, when he looked in the drawer for the ring and it was gone. Defendant then made all reasonable search and inquiry for the ring, but it was not found.

On behalf of plaintiffs the court declared the law to be that if the ring was lost by defendant while in his keeping, " through a want of such care thereof on his part as would be used, in circumstances such as appear in evidence, by a man of even less than the ordinary prudence exercised by men generally in taking care of their own property, the finding must be for plaintiff."

At the instance of defendant, the court gave a declaration of law to the effect that if defendant received no compensation for holding the raffle he was bound to take only slight care of the ring, and that, under the circumstances in evidence, if defendant exercised slight care of the ring, he was guilty of no negligence, and plaintiffs were not entitled to recover.

Appellant contends that the purpose of the bailment being illegal, there could be no recovery, and that, for this reason, the court erred in refusing an instruction asked by defendant in the nature of a demurrer to the evidence.

If the plaintiffs made an illegal contract in regard to their diamond, they may perhaps be liable to a penalty, and the courts will not aid them to enforce such a contract, nor to recover damages for the breach of it, but plaintiffs are not de-

prived by law of property in their diamond because they deposited it with defendant for the purposes of an illegal raffle. In order that they should recover in the present action, it was not necessary for plaintiffs to show that the diamond was deposited with defendant that he might put it up in a lottery; and the fact that it was received for such a purpose will not justify defendant in converting the diamond to his own use, or being utterly negligent in his custody of it. *Frost* v. *Plumb*, 40 Conn. 111; *Stewart* v. *Davis*, 31 Ark. 518; *Charles McCune*, 57 Mo. 166. If plaintiffs owned this diamond, and it came into defendant's possession by their permission, defendant was bound by law to take some care of it. If defendant was grossly negligent and in consequence of this gross negligence, the diamond was lost, this was an injury not caused in any way by the purpose for which the diamond was deposited with defendant. To use the language of Carpenter, J., in *Frost* v. *Plumb* (*supra*): "The plaintiff can not recover whenever it is necessary for him to prove, as a part of his cause of action, his own illegal contract, or other illegal transaction; but if he can show a complete cause of action without being obliged to prove his own illegal act, although such illegal act may incidentally appear and may be important even as explanatory of other facts in the case, he may recover."

The trial court found, as a fact, that defendant was guilty of gross negligence by reason of which the ring was lost. There was evidence to warrant such a finding, and we see no reason for disturbing the judgment. Judgment affirmed. All the judges concur.